### GEERY et al. v. POLLOCK.

(Supreme Court, Appellate Division, First Department. April 9, 1897.)

1. REAL-ESTATE AGENTS—COMMISSIONS.

Defendant employed plaintiffs to purchase certain real estate for him. Plaintiffs procured an offer from the owner to sell for $47,500, of which they informed defendant. Defendant replied that he would not pay more than $46,000. He then called on the owner personally, and purchased the premises for $47,500, and was allowed $500 for commissions. *Held*, that whether defendant acted in good faith, so as to relieve himself from liability to plaintiffs for commissions, was a question for the jury.

2. SAME—BROKER ACTING FOR BOTH PARTIES.

One who employs a broker to buy property for him is not relieved from liability for commissions by the fact that the broker was also acting for the seller, of which fact the broker informed him at the time.

Appeal from trial term, New York county.

Action by John Geery and Edward C. Geery against Edward E. Pollock for commissions alleged to have been earned by plaintiffs as real-estate brokers in negotiating for defendant the purchase of certain lots in New York City. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN INGRAHAM, and PARKER, JJ.

Walker R. Beach, for appellants.
William H. Harris, for respondent.

PARKER, J. The dismissal of the complaint at the close of plaintiffs' case was error. The plaintiffs had proved their employment by the defendant to bring about a sale to him of certain premises situated on the southeast corner of Seventy-Ninth street and Amsterdam avenue, then owned by Robert Wallace, and their efforts in that direction, which in part consisted in the procurement of an offer from Mr. Wallace to sell the premises for $47,500. On the 12th day of December, 1893, the defendant called at the office of the plaintiffs, and inquired what progress the plaintiffs had made, and was advised that they had procured an offer to sell the premises for $47,500. The defendant said he would not pay so much for the property, and would not pay more than $46,000 for it. After leaving the plaintiffs' office, the defendant went directly to Mr. Wallace, who testified: "We talked on, and the conversation went along anyhow, and I sold the lots to him for $47,500, and he was to receive $500 for commissions." The testimony of Wallace was uncontradicted, and, considered in connection with all the other evidence in the case, authorized a finding by the jury that defendant agreed to pay for the property the sum which plaintiffs had procured an offer to sell it for, and that the negotiations with Wallace were undertaken by defendant for the sole purpose of depriving the plaintiffs of their commissions, and securing the seller's commissions to himself.

It is the rule, undoubtedly, that, where no time for the continuance of the contract between the broker and his principal is fixed, either

party is at liberty to terminate it at will, acting in good faith. Sibbald v. Iron Co., 83 N. Y. 378. But in this case the jury were at liberty to find that the defendant did not act in good faith, and that when he entered the office of the plaintiffs, on the 12th of December, and informed them that he would not pay more than $46,000 for property which on the same day he agreed to pay $47,500 for, his purpose was to deprive the plaintiffs of the commissions which he had agreed to pay.

It appears from the testimony of one of the plaintiffs that Mr. Wallace had placed this property with them for sale prior to the defendant's offer to pay the plaintiffs a commission for purchasing it, and that plaintiffs expected a commission from the seller. The respondent therefore urges that under the rule of Rowe v. Stevens, 53 N. Y. 621, and Lansing v. Bliss, 86 Hun, 205, 33 N. Y. Supp. 310, the plaintiffs cannot recover of this defendant in any event, and, as the point was raised on the motion for a nonsuit, the judgment should stand. The difficulty with defendant's contention in this respect is that the testimony of one of the plaintiffs tends to show that the defendant was advised by the witness, at the time when defendant offered to pay him a commission, that the plaintiffs had the property for sale as brokers, and were authorized to offer it for $50,000. There was at least sufficient evidence bearing in that direction to permit the jury to so find; and, if found in plaintiffs' favor, the alleged double employment would not have constituted a defense to this action.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.